UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

September 13, 2011

**LETTER OPINION &ORDER**

Re:   Metromedia Energy, Inc. v. Griffin
       Civil Action No. 10-1692 (JAP)

Dear Counsel:

Pending before the Court is Defendants David Griffin and Fidelity Energy Group LLC's (collectively, "Defendants") motion to amend their Answer [Docket Entry No. 23]. Via this motion, Defendants seek to add non-party Jonathan Morris as a counterclaim defendant and assert a counterclaim against Metromedia Energy, Inc. and Jonathan Morris for tortious interference with economic relations and prospective economic advantage.[1] Plaintiff Metromedia Energy, Inc. ("Metromedia") opposes Defendants' motion. The Court has fully reviewed and considered all arguments made in support of and in opposition to Defendants' motion. The Court considers Defendants' motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Defendants' motion is DENIED.

---

[1] In their motion to amend, Defendants initially sought to add not only the aforementioned claim for tortious interference, but also a claim against Metromedia, Jonathan Morris and non-party Laurence Morris for wrongful termination in violation of public policy. By letter dated July 27, 2011, Defendants informed the Court that they had filed a new federal action asserting their wrongful termination allegations and, as such, that portion of the instant motion was withdrawn, leaving only their request to assert a tortious interference counterclaim

I.      **Background and Procedural History**

Given the parties and Court's familiarity with this matter, the Court does not restate the facts of this case at length herein. The instant case is essentially a contract dispute that arises out of David Griffin's ("Griffin") alleged failure to abide by the terms of his employment contract with Metromedia both before and after his employment with the company was terminated in July 2009. After Metromedia filed its Complaint against Defendants in this matter and after Defendants filed an Answer thereto, Griffin filed a separate lawsuit against Metromedia and Jonathan and Laurence Morris (*see Griffin v. Metromedia, Energy, Inc., et al.*, Civil Action No. 10-3739 (AET)) (the, "10-3739 matter").

In the 10-3739 matter, Griffin alleged that Metromedia and Jonathan and Laurence Morris terminated him in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"). Metromedia and Jonathan and Laurence Morris moved to dismiss Griffin's Complaint in the 10-3739 matter. In response, Griffin cross moved to amend his Complaint in order to assert additional factual allegations and to add both a wrongful termination claim as well as a claim for tortious interference with actual and prospective economic relations.

The District Court granted Metromedia and Jonathan and Laruence Morris' motion to dismiss and denied Griffin's cross motion to amend in the 10-3739 matter. With respect to Griffin's proposed tortious interference claim, the District Court concluded that to the extent Griffin's proposed claim included his alleged wrongful termination from Metromedia, then the claim was barred by CEPA. (*See* Feb. 2, 2011 Op. & Order at 9; Docket Entry No. 18 in Civil Action No. 10-3739). The District Court also found that "[i]f the tortious conduct is only the conduct occurring *after* [Griffin] was terminated, then the claim may be 'sufficiently distinct' from the CEPA claim

to survive a motion to dismiss." (*Id*. at 9-10 (citation omitted) (emphasis in original)).  As a result, the District Court cautioned Griffin that if he chose "to file a new complaint, he should clarify which conduct supports which claims." (*Id*. at 10).

Rather than filing a new complaint and despite having initially decided against pleading any counterclaims in this action, shortly after the District Court entered its Opinion and Order dismissing without prejudice his claims in the 10-3739 matter, Griffin along with Fidelity Energy Group LLC moved to amend their Answer filed in this case in order to add counterclaims for wrongful termination and tortious interference.  As explained above, the only claim currently at issue is Defendants' request to add a counterclaim for tortious interference with economic relations and prospective economic advantage.

## II. Analysis

### A. Standard of Review

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In the context of Defendants' motion to amend their Answer to include a counterclaim for tortious interference, the main issue raised by Metromedia is whether Defendants' proposed claim is futile.

3

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, the facts alleged must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. In addition, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

"To state a claim for tortious interference with economic advantage under New Jersey law a claimant must allege (1) an existing or reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) the reasonable probability that the claimant would have received the anticipated economic benefit in the absence of the defendant's interference; and (5) damages resulting from the defendant's interference." *Pactiv Corp. v. Perk-Up, Inc.*, Civil Action No. 08-05072 (DMC), 2009 WL 2568105, *11 (D.N.J. Aug. 18, 2009) (citations omitted). The protectable right need not be an enforceable contract, but "there must be allegations of fact giving rise to some 'reasonable expectation of economic advantage.'" *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751 (1989) (quoting *Harris v. Perl*, 41 N.J. 455, 462 (1964)).

Importantly:

> [t]o sustain a claim of tortious interference, a plaintiff must do more than assert that it lost business. Rather it "must allege facts that show an existing or prospective economic or contractual relationship" for a "mere allegation of lost business does not suffice." Nor does the "claimed loss of . . . unknown customers . . . standing alone, state a claim for tortious interference with prospective business relations."

*Advanced Oral Tech., L.L.C. v. Nutrex Research, Inc.*, Civ. No. 10-5303 (DRD), 2011 WL 1080204, *4 (D.N.J. March 21, 2011). As a result, courts have dismissed claims for tortious interference where the claimant fails to identify any customers or potential customers that it lost because of its adversary's alleged wrongful conduct. *Id.*; *see American Millennium Ins. Co. v. First Keystone Risk Retention Group*, 332 Fed.Appx. 787, 790 (3d Cir. 2009) (upholding dismissal of tortious

5

interference claim where claimant failed to "identify a single, specific customer that [it] either lost or could have acquired by for Appellees' conduct.")

B. Discussion

Here, Defendants' tortious interference claim is comprised of the following single, substantive allegation:[2]

> After terminating Griffin's employment, and in further retaliation for Griffin's objections and opposition to and complaints about the illegal and fraudulent billing practices and for other reasons, Jonathan Morris, in his individual capacity and on behalf of the Company, deliberately and intentionally illegally interfered with Griffin's ability to earn a living and Defendant Fidelity Energy's ability to do business. Said interference included making false statements and threats to potential customers of Defendants. Jonathan Morris falsely told numerous potential customers of Defendants that Griffin was barred by contract from doing business with them. The false statements have induced potential customers not to do business with Defendants and caused Defendants to sustain severe economic damage.

(Def. Proposed Counterclaim, ¶15; Docket Entry No. 23-2). The Court finds that Defendants' threadbare allegations do not raise Defendants' "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Defendants' proposed tortious interference counterclaim essentially boils down to a recital of the necessary elements of such a claim "supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Defendants fail to identify any potential customers that they lost or could have acquired but for Metromedia and Jonathan Morris' conduct. Defendants'

---

[2]The Court notes that in total Defendants' proposed tortious interference counterclaim consists of three paragraphs of allegations (¶¶ 14-16) and a "wherefore" statement. Of these three paragraphs, only ¶15, which is discussed herein, is substantive in nature. The other two merely repeat and reallege the allegations contained in the first thirteen paragraphs of Defendants' proposed counterclaims (*see* ¶14) and conclude that Metromedia and Jonathan Morris tortiously interfered with Defendants' actual prospective economic relations with potential customers (*see* ¶16).

"generalized claims of 'lost business' [do] not support a tortious interference action." *Advanced Oral Technologies*, 2011 WL 1080204 at *4. Instead, to state a claim that is "plausible on its face" (*Twombly*, 550 U.S. at 570), Defendants "must allege an injury that is more concrete than lost business of unknown . . . customers." *Novartis Pharmaceuticals Corp. v. Bausch & Lamb, Inc.*, No. 07-5945, 2008 WL 4911868, *7 (D.N.J. Nov. 13, 2008); *see American Millennium Ins.*, 332 Fed.Appx. at 790 (affirming dismissal of tortious interference claim where claimant failed to identify single, specific customer that was allegedly lost). As a result, the Court finds that Defendants' proposed tortious interference counterclaim is futile. Defendants' motion to amend their Answer in order to assert such a counterclaim is therefore denied.

### III.   Conclusion

For the reasons stated above, Defendants motion to amend their Answer is DENIED.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTION [DOCKET ENTRY NO. 23] ACCORDINGLY.**

　　　　　　　　　　　　　　　　　　　　　　　　s/ Tonianne J. Bongiovanni
　　　　　　　　　　　　　　　　　　　　　　**TONIANNE J. BONGIOVANNI**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**